JOHN M. ROBERTSON et al. *v.* JAMES F. NELSON AND LOYD.

**Conditional Contract — Breach — Damages.**

1. A sale of personal property, consisting of corn, was made by appellant to appellee; no price was agreed on and no particular amount was specified by appellant, and further conditioned on certain acts of appellee in securing pasturage for watering and feeding his hogs, and this the appellee took time to do. *Held* as not being a sale so complete as to bind either party.

**Same.**

2. But had the contract been binding on Robinson, Loyd had paid nothing and was only entitled to the difference in the price he was to give and the market value.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 22, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It seems to this court that on the pleading and proof the judgment against the appellant Robertson was unauthorized. It is not material whether the corn belonged to him or to his wife. His contract of sale to Loyd did not vest the title in the latter, as the quantity of corn was not ascertained, but the corn still remained Robertson's or his wife's and at the risk of the owner.

And, as no time for ascertainment of the quantity or payment of the price was fixed, and as, moreover, it seems that whether Loyd would take the corn or not depended on his procuring a field with water in it for feeding his hogs, and he took time for that purpose, the sale was not so complete as to bind either party.

But had the contract been binding on Robertson, Loyd, having paid nothing, could be entitled only to the difference between the price he was to give and the market value in less than a week after

the date of the agreement; and, though the price rose considerably during the fall afterward, there is no proof of any rise in the short interval of less than a week, when the corn had not matured.

Wherefore, the judgment against Robertson is reversed, and the cause remanded, with instructions to dismiss Loyd's cross-petition against him.

*Haz & Winn, for appellant.*